UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAM CATRABONE, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 3:14-CV-1865 JD |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Sam Catrabone, Jr., a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (CIC 14-02-137) that was held at the Westville Correctional Facility on June 13, 2014, where the Disciplinary Hearing Officer (DHO) found him guilty of conspiring/ attempting/aiding/abetting assault on staff in violation of A-111/117. He was deprived of 180 days earned credit time and demoted from Credit Class 1 to Credit Class 2. He raises four grounds in his petition. All of them allege violations of prison policies. However, "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Therefore, even if prison policies were violated, that is not a basis for habeas corpus relief. Nevertheless, the court will examine the substance of his arguments to determine whether his federal rights were violated.

In Ground One, Catrabone argues that it was improper to upgrade the charges against him when the original charges were overturned and remanded for rehearing. However, the charges against him were not upgraded. He was originally found guilty of a class A offense: violating a federal, state or local law in violation of A-100. When the case was remanded, the charge was changed to a different class A offense: conspiring/attempting/aiding/abetting assault on staff in violation of A-111/117. Nevertheless, even if the charge had been upgraded, that would not have

been a due process violation. In *Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003), the circuit found no due process violation where the Final Reviewing Authority changed the charge on appeal – long after the hearing and without holding a re-hearing.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the [fleeing] charge, the reviewing authority's modification did not deprive [him] of his due process rights. *See Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (prison disciplinary committee did not deny petitioner due process by elevating charge from "possession of contraband" to "possession of dangerous contraband" because the factual basis for both charges was the same).

*Id*. at 911. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Catrabone argues that the offense of which he was found guilty is inconsistent with the factual basis in the Conduct Report. That report, charges:

> On 2-13-14 at approx. 10:08 pm, I Ofc. S. Hunt while doing pipe checks on the 3 range, was approached by Off. Catrabone # 27296 (21B-3F). He started by saying, who was the idiot that made Powell Captain? I answered I don't know. He proceeded to say he had talked to an officer and had told the officer if he would put ten thousand dollars in his account, he would take care of Powell. He then looked at me and said again, put ten thousand dollars in my account and he would beat Powell till the lock broke up.

DE 8-16. There is nothing inconsistent with these facts and the charge of conspiring/ attempting/aiding/abetting assault on staff. Therefore Ground Two is not a basis for habeas corpus relief.

In Ground Three, Catrabone argues that a charge on re-hearing must be related to the original charge. This is incorrect. As previously explained, *Northern v. Hanks* only requires that the factual basis be related to the charge. Also as previously explained, the factual basis in this case is related to the charge. Therefore Ground Three is not a basis for habeas corpus relief.

In Ground Four, Cantrabone argues that his second sentence should have given him credit for the time he served in segregation following the first sentence which was overturned. However,

only the fact or duration of confinement can be challenged in a habeas corpus proceeding. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Challenges to segregation cannot be brought in a habeas corpus proceeding.

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* [515 U.S. 472 (1995)] will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (citations omitted).[1] Therefore Ground Four is not a basis for habeas corpus relief.

Finally, in his traverse, Cantrabone mentions one other issue: double-jeopardy. However, because this was not listed as a ground for habeas corpus relief in his petition as required by Section 2254 Habeas Corpus Rule 2(c)(1), this claim is not properly before the court.

> Minniefield waived this argument by not raising it first in the petition. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(C)(1) ("the petition must: (1) specify all grounds for relief available to the petitioner"); *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Habeas corpus petitions must meet heightened pleading requirements and comply with this Court's doctrines of procedural default and waiver.") (citations omitted); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir.1997) ("because Jackson failed to put these issues before the district court in his habeas petition, he cannot do so here on appeal").

---

[1] Such claims are uncommon because the Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005) and *Sandin v. Conner*, 515 U.S. 472 (1995).

*Minniefield v. Lemmon*, 333 F. App'x 131, 132 (7th Cir. 2009). Nevertheless, even if this argument had been properly raised, double jeopardy principles do not apply in the prison disciplinary context. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996).

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED.

ENTERED: February 29, 2016

                                                 /s/ JON E. DEGUILIO
                                                 Judge
                                                 United States District Court